# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-0467V
(Not to be Published)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
CHARLES HUGGINS,

      Petitioner,

      v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

      Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Filed: August 12, 2019

Entitlement; Decision by Proffer; Damages; Influenza ("Flu") Vaccine; Guillain-Barré syndrome ("GBS").

*Alison H. Haskins*, Maglio Christopher and Toale, PA, Sarasota, FL, for Petitioner.

*Glenn Alexander MacLeod*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING DAMAGES[1]

On March 31, 2017, Petitioner Charles Huggins filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] Petitioner alleges that he developed Guillain-Barré syndrome ("GBS") as a result of receiving an influenza ("flu") vaccine on October 14, 2014. Petition, ECF No. 1.

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet.** As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On February 16, 2018, Respondent filed a Rule 4(c) Report ("Respondent's Report"), recommending that compensation be awarded in this case. Respondent's Report at 1, ECF No. 41. Specifically, Respondent stated that the medical evidence demonstrates Petitioner has "satisfied the criteria set forth in the recently revised Vaccine Injury Table (Table) and the Qualifications and Aids to Interpretation (QAI)," which allows Petitioner "a presumption of causation if the onset of GBS occurs between three and forty-two days after a seasonal flu vaccination and there is no apparent alternative cause." *Id*. at 3. Accordingly, Respondent concluded that Petitioner is entitled to an award of damages, the scope of which is limited to Petitioner's GBS and its related sequelae. *Id*.

In light of Respondent's concession, I issued a Ruling on Entitlement on February 23, 2018. ECF No. 42. I subsequently ordered the parties to inform the Court on their progress towards resolving damages. *See* Damages Order, ECF No. 43.

Respondent filed a proffer on August 8, 2019 (ECF No. 57), agreeing to issue the following payments:
   a. a lump sum payment of **$115,000.00** for all damages, paid in the form of a check to Petitioner.

These amounts represent all elements of compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' proffer attached hereto, and award compensation in the amount and on the terms set forth therein. I, therefore, award compensation in the amount of **a lump sum payment of $115,000.00, in the form of a check payable to Petitioner, Charles Huggins**. The clerk of court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**CHARLES HUGGINS,**

　　　　Petitioner,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES**,

　　　　Respondent

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

No. 17-467V (ECF)
Special Master
KATHERINE E. OLER

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On February 16, 2018, respondent filed his Vaccine Rule 4(c) report conceding entitlement to compensation in this matter. On February 23, 2018, the Court entered its Ruling on Entitlement, finding petitioner, Charles Huggins, entitled to Vaccine Act compensation. Respondent herein proffers the following amount(s) of reasonable compensation due petitioner.

**I.**　　**Items of Compensation**

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum total of $115,000.00, which amount represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a).[1]  Petitioner agrees.

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

## II.     Form of the Award

The parties recommend that the compensation provided to petitioner should be made through a lump sum payment of $115,000.00 in the form of a check payable to petitioner, Charles Huggins.[2] Petitioner agrees.

                                                              Respectfully submitted,

                                                              JOSEPH H. HUNT
                                                              Assistant Attorney General

                                                              C. SALVATORE D'ALESSIO
                                                              Acting Director
                                                              Torts Branch, Civil Division

                                                              CATHARINE E. REEVES
                                                              Deputy Director
                                                              Torts Branch, Civil Division

                                                              ALEXIS B. BABCOCK
                                                              Assistant Director
                                                              Torts Branch, Civil Division

                                                              ***/s/ GLENN A. MACLEOD***
                                                              GLENN A. MACLEOD
                                                              Senior Trial Counsel
                                                              Torts Branch, Civil Division
                                                              U.S. Department of Justice
                                                              P.O. Box 146, Benjamin Franklin Station
                                                              Washington, D.C.  20044-0146
                                                              Tel.: (202) 616-4122

DATE: August 8, 2019

---

[2] Petitioner is a competent adult.  No guardianship is required.